Isabelo Carrasquillo and Miguel Santiago, Petitioners and Appellees, v. Municipal Court of Río Grande, Respondent and Appellant.

No. 3739.   Argued December 22, 1925.—Decided July 13, 1926.

R. García Mujica and E. H. F. Dottin for the appellant.   M. Benítez Flores for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

María Matos instituted a proceeding for unlawful detainer against Antonio Ciuró, setting up failure to pay rent under an alleged verbal agreement of lease.

664

Defendant, upon being served with summons, filed a motion for an extension of time within which to prepare his defense. This motion was granted and the preliminary hearing was re-set for January 16, 1925.

On that date counsel for defendant, not having appeared, was notified that the preliminary hearing had been again re-set for January 21, 1925, together with a motion filed by plaintiff protesting against the action of the court in granting defendant's motion for postponement.

A judgment entered on January 22nd recites the failure of defendant to appear at the hearing on the previous day.

A pleading filed on January 22nd entitled ''Appearance of Defendant'' requested permission to present at the second hearing oral and documentary evidence, referred to without further identification as being thus tendered in advance of such second hearing.

The answer consists of a general denial and a suggestion that the facts stated in the complaint did not constitute a cause of action. It seems to have been filed on January 22, 1925, after having been placed in the post-office at San Juan on January 20th.

On February 9th defendant filed a motion to set aside the judgment entered on January 21st upon the ground that in addition to the steps already taken by counsel for defendant as above indicated, and notwithstanding the diligence and activity of defendant, counsel had received a telegram from the secretary of the municipal court two days after the hearing notifying defendant that his answer had been received after the case was decided; that this telegram came as a great surprise to counsel; that defendant had a good defense on the merits ''which was known not only to defendant who had explained his case to his attorney and had been so informed by such attorney, but also to plaintiff, for as much as she knew that she had no cause of action because the property in question did not belong to her nor had it been in

her possession since August, 1924, when it was sold at public auction by the marshal of the municipal court as the result of an action brought against the said María Matos for the recovery of money, in which she lost; that these facts were known to the plaintiff and to her attorney; and that the unlawful detainer proceeding had been instituted maliciously and with the knowledge that plaintiff was not the owner of the property in question; that a judgment such as that rendered in the absence of defendant, notwithstanding his appearance in the case and the transmission of his answer, was a great wrong to defendant and was contrary to the ends of justice.''

On March 13th counsel for defendant was notified of an order entered on March 11th which recites that defendant's motion to set aside the judgment came on to be heard on March 2nd; that counsel for defendant did not appear and that counsel for plaintiff opposed the said motion, and thereupon the same was overruled.

On March 18th plaintiff moved for a writ of possession which was issued on the following day.

The marshal's return and the report of appraisers endorsed upon this writ indicate that on March 20th the marshal evicted defendant and all other persons upon the property by his order, putting plaintiff in possession thereof, except as to the house occupied by defendant who had two sick children and was therefore permitted to remain in the said dwelling until March 24th, upon which date he was evicted therefrom; that the appraisers not having come to an agreement, the plaintiff named José P. Nazario (the marshal selected Pedro Concepción) and the defendant declined to designate an appraiser, saying that he had nothing there and wanted no appraiser to represent him and that the appraisers named by plaintiff and by the marshal agreed upon a valuation of the property, the result of such appraisal being given in the form of an itemized statement.

A month later Isabelo Carrasquillo and Miguel Santiago applied to the district court for a writ of certiorari. The petition contained the following averments and prayer:

"2. That some time in the month of August, 1924, the petitioner, Isabelo Carrasquillo, leased the following property from Genaro Betancourt Mujica for the term of two years and at the annual rent of $50.00, payable at the end of each year;

"RURAL PROPERTY.—Located in the ward of Hato Puerco of Loíza, Porto Rico, with an area of nine acres and some rods, bounded on the north by Juan López de Victoria; on the south by Succession Betancourt; on the east by the Canóvanas river, and on the west by the same Succession Betancourt.

"3. That subsequently thereto and on September 22, 1924, the other petitioner, Miguel Santiago, acquired the property above described by purchase from Genaro Betancourt Mujica, another contract of lease for the term of two years, subject to an extension for an additional year, having been entered into between Santiago and Isabelo Carrasquillo.

"4. In these conditions the lessee, Isabelo Carrasquillo, petitioner herein, took possession of the property, object of the lease, from the date of his first contract with Betancourt, continuing in possession once the same was ratified by Miguel Santiago, the second owner of the property. The petitioner continued in possession of the property, cultivating the same, preparing the land for cultivation, fencing the property, buying seeds and planting sugar cane and minor crops, until March 20th last, when the marshal of the municipal court of Río Grande, Luis García Piñero, in compliance with an order of execution of a judgment rendered in an unlawful detainer suit by the Hon. Schroder, acting judge of the said municipal court of the judicial municipal district of Río Grande, in civil case No. 734 prosecuted by María Matos against Antonio Ciuró, went to the property referred to about 2 or 3 p. m. of said day of March 20th and evicted Isabelo Carrasquillo, one of the petitioners and lessee of the property above described, as well as Antonio Ciuró, the person who had been put in charge of the property by the petitioner, ejecting as well the cattle that the petitioner and his employees had on the property, and putting José R. Nazario in possession of the same, then and there, a person who was not the plaintiff in the action for unlawful detainer. This was done under the assumption that said José R. Nazario was the owner of said property, and in spite of the

protests of petitioner Isabelo Carrasquillo, who alleged to the marshal that he was the lessee of that property which had been leased by him from its former owner, Genaro Betancourt, and lastly from Miguel Santiago, and that Antonio Ciuró was an employee of his who was put in charge of the property.

"5. That the judgment, the execution of which was effected by the marshal, had been rendered by the Municipal Court of Río Grande on January 21, 1925, in a suit in which neither the petitioner Carrasquillo, lessee of the property, nor its former owner, Genaro Betancourt, nor Miguel Santiago, its present owner and one of the petitioners herein, were parties defendant.

"6. That this action of unlawful detainer was instituted by María Matos maliciously and knowing that said property did not belong to her, inasmuch as it had been levied upon in execution of a judgment rendered by this district court in a suit by Genaro Betancourt Mujica v. María Matos, civil No. 2850, a judgment thereon having been rendered in favor of the plaintiff Genaro Betancourt Mujica and against defendant María Matos. That as a result of said judgment of this court, and the defendant María Matos having failed to pay the amount of the same, the property described above was levied on and sold on execution, it being the property of María Matos, and having been sold at public auction and awarded to Genaro Betancourt Mujica by deed of judicial sale executed in his favor by Luis García Piñero, the marshal of the Municipal Court of Río Grande, on August 13, 1924, before notary Luis Sánchez Vahamonde, in payment of the debt and in satisfaction of the said judgment rendered in favor of Genaro Betancourt Mujica.

"7. That these facts were known by María Matos, the plaintiff in the unlawful detainer suit, and by her attorney, R. García Mujica, who was the same lawyer who prosecuted the former action to recover money, and they were known also by the marshal of the Municipal Court of Río Grande, the said Luis García Piñero, and by the judge himself, Mr. Schroder, who acted as such in both cases.

"8. That this particular and unusual proceeding in an action of unlawful detainer was prosecuted by said María Matos notwithstanding the fact that she knew, and her attorney as well, that such property did not belong to her and was not in her possession on the date of the filing of the complaint in the action of unlawful detainer, to which Antonio Ciuró was made a party defendant for the purpose of again investigating, in an unusual proceeding, the question that had already been adjudged by the judgment of this court, thus

evading it and creating a state of things entirely abnormal, unlawful and troublesome and which caused the petitioners countless troubles and damages.

"9. That in view of the proceeding being so unusual, the undersigned attorney and the petitioners went to the residence of the marshal of the Municipal Court of Río Grande and he was informed of all these facts and requested to allow the petitioners the free use and enjoyment of the possession of the property object of this action of unlawful detainer and to refrain from evicting them from the property because they were not parties to the proceedings, nor were they included in the action as parties defendant, to which the marshal replied negatively, claiming that he had to comply with the order that had been given to him.

"10. The petitioners allege further that they have made all kinds of efforts to put an end to the present state of things which constitute an actual outrage, carried on without a due process of law and after important and fundamental errors have been committed in the proceedings.

"11. The petitioners have no other remedy in the ordinary course of the law as adequate and effective as the extraordinary one of certiorari and they think that, as this is an extraordinary case, they should avail themselves of this remedy and have the court issue the corresponding writ.

"For the foregoing reasons, the petitioners pray this Honorable Court to issue a writ of certiorari requesting Federico Schroder, acting judge of the Municipal Court of Río Grande, to send the record of the said suit of unlawful detainer, which is civil case No. 734, María Matos v. Antonio Ciuró, to review the proceedings had therein and to decide as justice might require.

"San Juan, Porto Rico, April 21, 1925."

The municipal judge in his return, in addition to various denials of the facts alleged in the petition, requested the annulment of the writ upon the following grounds:

"1. That the court lacks jurisdiction to entertain this case because the petitioners were not parties in the suit sought to be reviewed, and because the parties in the unlawful detainer suit No. 534, who are the only ones interested and who may be prejudiced by an order or judgment, have not been summoned to appear and oppose this proceeding.

"2. That the certiorari proceeding is not the proper remedy.

"3. That in a suit of unlawful detainer the parties have only one appeal, and with this certiorari proceeding the defendant attempts to bring an appeal in addition to the one to which he was entitled and which he waived."

The dispositive portion of the order appealed from reads thus—

"For the foregoing reasons the court sets aside and annuls the action taken by the marshal of the Municipal Court of Río Grande, or by the court itself, in so far as the petitioners were dispossessed or deprived of the possession of the property described, to which they were and are entitled, one as owner and the other as lessee thereof. It is ordered that the petitioners be reinstated in the possession of the property described by the municipal judge of Río Grande and by the marshal of that court.

"San Juan, P. R., May 13, 1925."

The municipal judge was not required to certify and did not certify any facts or proceeding not apparent upon the face of the record in the municipal court. The order in question was based entirely upon evidence *aliunde* adduced by petitioners at the hearing in the district court, including the record of the previous litigation in such court, and primarily it seems upon the result of the former suit.

There was no lack of jurisdiction in the municipal court, in so far as the only parties before that court in the unlawful detainer proceeding were concerned, and the record of the proceedings certified to the district court discloses no irregularity.

We are not aware of any precedent or authority for the annulment on certiorari of the judgment and proceedings of a lower court by a higher tribunal after the time for appeal has elapsed, at the instance of strangers to the proceeding sought to be reviewed without notice given or opportunity to be heard extended to the parties to such proceeding and upon evidence *aliunde* adduced by petitioners in the absence of such parties.

The order appealed from must be reversed.